# Berks County Directors of the Poor *v.* Schuylkill County Directors of the Poor, Appellants.

*Appeals—Assignments of error—Evidence—Instructions.*

Assignments of error relating to the rejection of evidence and the rulings of the court, which do not conform to Rules 15 and 16 of the Superior Court, will not be considered.

*Appeals—Exception to order—Poor law.—Act of March* 16, 1868, *P. L.* 46.

An appeal from an order confirming an order of removal of a pauper cannot be maintained, where no exception was taken to the order confirming the order of removal as provided by the Act of March 16, 1868, P. L. 46.

Argued Nov. 12, 1902. Appeal, No. 73, Oct. T., 1902, by defendants, from order of Q. S. Berks Co., March T., 1898, No. 265, removing a pauper, in case of Directors of the Poor and of the House of Employment of Berks County v. Directors of the Poor and of the House of Employment of Schuylkill County. Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal from an order of removal of a pauper.

*Errors assigned* were in the following form :

1. The court below erred in not admitting the following offer of evidence by appellants, to wit :

" It is proposed to show by Dr. J. B. Sterley, a resident physician of the city of Reading, that Mrs. King, formerly Hannah Rebecca Rothermel, was a patient of his and under his professional care for some years prior to her marriage to John T. King ; that prior to said marriage she was insane, and that for two years after her marriage, in the judgment of the witness, she was tending toward a worse stage of insanity year by year, and that, as long as she resided in the city of Reading, up to the time of her removal to Schuylkill county, in 1897, he considered her an insane person ; this to be followed by other evidence of a like character."

2. The court below erred in rejecting the following offer of evidence by appellants, to wit :

628 BERKS COUNTY *v.* SCHUYLKILL COUNTY, Appellants.

Assignment of Errors—Opinion of the Court. [21 Pa. Superior Ct.

"We propose to ask the witness whether his wife did not, on many previous occasions during their residence in the city of Reading, prior to their removal to Schuylkill county and prior to her commitment to the almshouse, show evidences of insanity by many acts on her part which sane people never indulge in ; whether these acts were not committed in public before her friends and relatives and children, and whether, generally, her conduct was not that of a demented and unbalanced mind ; this for the purpose of showing that no residence could be acquired by her in Schuylkill county after removal from Berks county, if insane at the time."

3. The court below erred in finding and deciding that Rebecca King was a pauper.

4. The court below erred in finding and deciding that the place of legal settlement of Rebecca King is in Schuylkill county, Pennsylvania.

5. The court below erred in making the following order and decree, to wit :

"And now, to wit: March 27, 1902, this cause came on further to be heard, whereupon it is ordered, adjudged and decreed that the appeal of the directors of the poor and of the house of employment of Schuylkill county be dismissed; the order of removal of said justices, Sharman and Clouser, is confirmed, and the directors of the poor and of the house of employment of Schuylkill county are forthwith required to receive the said Rebecca King. It is further ordered and decreed that the directors of the poor and of the house of employment of Schuylkill county pay to the directors of the poor and of the house of employment of Berks county their reasonable and just costs, charges and expenses in the case."

*W. F. Sheperd*, with him *S. M. Meredith*, for appellant.

*Ira G. Kutz*, with him *William E. Fisher*, for appellees.

PER CURIAM, December 13, 1902:

The first, second, third and fourth assignments of error are in violation of Rules 15 and 16 of this court.

The first and second assignments relate to the rejection of certain offers of evidence but the ruling of the court thereon is

not given nor are the pages of the paper-book, where the offers and rulings can be found, set forth.

The third and fourth assignments refer to rulings of the court but they are not set forth, as required in Rule 15.

The final order of the court, as complained of in the fifth assignment of error, seems to be justified under the facts, as found in its opinion, but, even if it were not so, is this record in such a condition as would authorize us to inquire into the validity of the order? The Act of March 16, 1868, P. L. 46, which authorizes " writs of error to the judgment of the courts of quarter sessions, on appeals from the orders of removal of paupers," provides " that, upon the hearing and argument of all appeals before any court of quarter sessions from the order of removal of paupers from one district to another, it shall be lawful for either of the parties to the issue to except to any decision of the court upon any point of evidence or of law, which exception shall be noted by the court and filed of record as in civil cases," etc. No exception seems to have been taken to the rulings of the court below. None is noted and apparently no bill of exceptions sealed. There is no allusion to an exception in the plaintiff's last assignment of error. We are, therefore, impelled to the conclusion that none was taken, and we cannot, therefore, consider the assignment relating to the decree of the court.

The first four assignments being clearly in contravention of our rules and the last unsupported by an exception, as required by the act of assembly, all must be disregarded. The appeal is, therefore, dismissed at the cost of the appellant and the order of the court below affirmed.